**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2277-20

BETAR REALTY, INC.,

    Plaintiff-Respondent,

v.

39-45 7TH AVENUE
REALTY, LLC,

    Defendant-Appellant.

_____

Submitted January 31, 2022 – Decided February 9, 2022

Before Judges Sabatino and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-001145-18.

The Law Office of Rajeh A. Saadeh, LLC, attorneys for appellant (Rajeh A. Saadeh, Robert F. Galvan, Stilianos M. Cambilis and Lindsay A. McKillop, on the briefs).

McNally & Associates, LLC, attorneys for respondent (Stephen B. McNally, on the brief).

PER CURIAM

In this tax foreclosure case, defendant 39-45 7th Avenue Realty, LLC, appeals the trial court's March 5, 2021 order denying defendant's motions to vacate a second final judgment entered against it on December 9, 2020 in favor of plaintiff Betar Realty, Inc. We affirm.

Defendant purchased the subject real property in the City of Paterson, known as 39-45 7th Avenue, Block 2107, Lot 1, in December 2011. Defendant held title to the property since its purchase. The sole member and principal of the defendant LLC is an individual named Branko Rovcanin. Although the property is industrial and includes a warehouse, Rovcanin eventually resided and kept his belongings there.

As a result of defendant's failure to pay municipal taxes due on the property, a tax sale certificate was issued to the City in consideration of $7,818.90, on June 26, 2012. The certificate was later assigned to plaintiff on August 21, 2017, for the sum of $260,760.

Plaintiff filed a complaint to foreclose its tax sale certificate against defendant on January 19, 2018. Upon receiving no response after making service, plaintiff moved for entry of final judgment by default, which the trial court initially granted on December 24, 2018.

A-2277-20

In July 2019, defendant moved for an order, which plaintiff opposed, vacating the default judgment, which the court granted on July 26, 2019. Defendant filed an answer to plaintiff's foreclosure complaint in August 2019.

Thereafter, a consent order was negotiated and entered on October 29, 2019, to establish a plan for how the matter should proceed. The consent order was mutually signed by plaintiff's counsel and the attorney who was then representing defendant. Among its provisions, the consent order included the following:

> 3. In the event the Defendant redeems plaintiff's lien by no later than March 1, 2020 and final judgment has been entered prior to redemption, the final judgment will be vacated. Plaintiff will not make application for final judgment before January 20, 2020.
>
> . . . .
>
> 5. Defendants will not be entitled to any further stay of plaintiff's right to apply for final judgment in this matter.
>
> 6. By executing this Consent Order, the Defendants expressly acknowledge that they waive their right to contest plaintiff's foreclosure unless plaintiff fails to comply with the terms of this Consent Order.

Defendant contends that from July 2019 to October 2020 it attempted to raise the funds required to redeem the tax sale certificate. In particular, defendant's principal alleges he had entered into a contract to sell the property

3

for $425,000, a sum which would have been more than enough to pay off the tax debt, but that sale fell through in October 2020 due to the buyer's failure to make a timely deposit.

Meanwhile, defendant filed a bankruptcy petition, which temporarily stayed the foreclosure case. The automatic stay was lifted by the Bankruptcy Court on August 26, 2020.

Once the bankruptcy stay lifted, plaintiff filed a renewed motion for final judgment in September 2020. There still being no redemption of the tax sale certificate, the trial court entered final judgment against defendant for a second time on December 9, 2020.

On December 29, 2020, defendant moved for relief under Rule 4:50-1 seeking vacation of the second entry of final judgment. Plaintiff filed opposition to the motion, and it was orally argued without testimony on March 4, 2021.

Both parties were represented by counsel at the motion argument before Assignment Judge Ernest M. Caposela. Defendant represented that it had recently entered into a different agreement with a purchaser who would pay $225,000 for a fifty percent interest in the defendant LLC.

Judge Caposela denied defendant's Rule 4:50-1 motion in an order and corresponding written statement of reasons entered on March 5, 2021.

On March 30, 2021, plaintiff moved for an order for possession of the property and defendant filed its opposition on April 16, 2021. Judge Adam Jacobs entered the order for possession on the same date. A notice of lis pendens was recorded on April 23, 2021.

Thereafter, defendant filed the present appeal and requested a stay of the matter pending appeal, which was denied by the trial court on May 4, 2021.

On appeal, defendant argues the trial court erred and acted inequitably in rejecting its motion to vacate the second final judgment. Defendant stresses that it had negotiated a second transaction that, if consummated, allegedly would have allowed it to pay off the debt and keep the premises.

Having considered defendant's arguments, we affirm the March 5, 2021 order, substantially for the sound reasons expressed by Judge Caposela.

Our review of a trial court's Rule 4:50-1 determination is entitled to substantial deference and is reviewed under an abuse of discretion standard. U.S. Bank Nat'l Ass'n v. Guillame, 209 N.J. 449, 467 (2012). An abuse of discretion exists when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002). We discern no such abuse of discretion in the circumstances presented here.

Defendant clearly agreed in the October 2019 consent order that it had until March 1, 2020 to redeem the amount due in full and that it waived its right to contest the final judgment if it was unable to redeem the certificate by that agreed-upon date. Defendant failed to do so. More than a year had passed beyond that deadline when the motion to vacate the second judgment was argued in March 2021, and defendant still did not have the funds actually in hand to redeem the delinquency. Although it expressed sympathy about defendant's circumstances, the court was not obligated to set aside the judgment and permit further delay.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2277-20